HONORABLE RONALD B. LEIGHTON

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE MAGANA-BECERRA,<br><br>Defendant. | Case No. CV05-5524 RBL<br>CR04-5145 RBL<br><br>ORDER |

THIS MATTER comes on before the above-entitled Court upon Defendant's Motion Pursuant to 28 U.S.C. § 2255.

Having considered the entirety of the records and file herein, the Court rules as follows:

On March 24, 2004 the defendant was indicted and charged with one count of possession of methamphetamine with intent to distribute and one count of possession of cocaine with intent to distribute. On July 8, 2004 the defendant pled guilty pursuant to a written plea agreement to a Superseding Information charging him with using a communication facility in furtherance of a drug trafficking crime. On February 11, 2005 the defendant entered into an amended plea agreement which limited his sentencing exposure to less than the total amount of the drugs involved in the offense. On April 22, 2005 the defendant was sentenced to the low end of the guidelines range of 30 to 37 months custody. This motion is timely filed.

Magana-Becerra makes essentially two claims. First, he claims that he is entitled to a downward departure for post conviction rehabilitation under USSG § 5K2.19. Second, he alleges ineffective assistance

of counsel in that his counsel failed to argue at sentencing that the defendant was entitled to a downward departure on the ground that Magana-Becerra is a deportable alien, and for aberrant behavior under USSG § 5K2.20.  Neither argument has merit.

There are two problems with the defendant's first claim.  One, downward departures for post-conviction rehabilitation are not permitted under the guidelines.  *United States v. Tzoc-Sierra*, 387 F.3d 978, 981 (9th Cir. 2004).  And, two, Magana-Becerra specifically waived his right in the amended plea agreement to collaterally attack his sentence except on the grounds of ineffective assistance of counsel.  CR04-5145RBL, Dkt. #70.  Therefore, because such a departure is not permitted and because the defendant explicitly waived his right to collaterally attack his sentence in this manner, the first claim must be denied.

The second claim raises an issue that is permitted under the amended plea agreement, that his counsel rendered ineffective assistance.  In order to establish a claim of ineffective assistance of counsel, a defendant must show (1) that counsel's representation "fell below an objective standard of reasonableness" [inadequate performance] and (2) that there is a "reasonable probability that, but for errors, the result of the proceeding would have been different" [actual prejudice].  *Strickland v. Washington,* 466 U.S. 668, 688 (1984).  The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial [or other proceeding] cannot be relied on as having produced a just result.  *Id*.

In evaluating counsel's performance, *Strickland* held that "the proper measure of attorney performance remains simply reasonableness under prevailing professional norms."  At the same time, "judicial sensitivity to counsel's performance must be highly deferential" and courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Such a presumption is proper because any defendant will naturally second guess his or her attorney after conviction [or as here, after sentencing].  The evaluation must, therefore, be from the counsel's perspective at the time, and not from hindsight. *Id*.

Magana-Becerra's claim that his counsel was ineffective because he did not argue for a downward departure on the basis that the defendant is a deportable alien is not supportable because a departure on this

1   ground is not permitted under the guidelines. *United States v. Lipman*, 133 F.3d 726, 731-31 (9th Cir. 1998).[1]

2   It necessarily follows that counsel cannot be ineffective for failing to argue for a departure that is not permitted

3   under the guidelines.

4   Magana-Becerra's claim that his counsel was ineffective because he did not argue for a downward

5   departure on the ground that the defendant's conduct was aberrant under USSG § 5K2.20.  In order to be

6   aberrant, defendant's conduct must be "a single criminal occurrence or single transaction" that "represents a

7   marked deviation from an otherwise law-abiding life."  Given that defendant admitted delivering drugs on at

8   least one other occasion, and given that defendant has a previous conviction for theft, it cannot be said that

9   this conduct was aberrant.  Therefore, counsel was not ineffective for not making this argument in support of

10  a downward departure.  Defendant's second claim in his motion must also be denied.

11  The Court will note that rather than render the ineffective assistance of counsel, Mr. Perez-Pena

12  rendered extraordinarily _effective_ assistance.  The amount of drugs involved exposed the defendant to at least

13  87 to 108 months in custody and possibly to a ten-year mandatory prison term.  Counsel negotiated a plea

14  which carries a four-year statutory cap and a guideline range of 30 to 37 months.  Mr. Perez-Pena represented

15  his client well, and the sentence Magana-Becerra received was reasonable.[2]  It is hereby

16  ORDERED that Defendant's Motion Pursuant to 28 U.S.C. § 2255 is **DENIED.**

17  The Court declines to issue a Certificate of Appealability because the defendant has failed to make "a

18  substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).

19  The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing

20  pro se.

21  Dated this 25th  day of October, 2005.

23  _(signature)_

24  RONALD B. LEIGHTON
    UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that the defendant was sentenced after the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005) rendering the guidelines advisory.  However, for purposes of determining a reasonable sentence under 18 U.S.C. § 3553(a), the Court still looks to the guidelines and the interpretations thereof.  Therefore, the Court will analyze defendant's motion in light of the guidelines and the case law interpreting them.

[2] See fn. 1.

ORDER
Page - 3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER
Page - 4